IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEAH Y. MCLAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-cv-267-MHT-JTA |
| ) | (WO) |
| WALMART, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on Plaintiff's Request for Disclosure (Doc. No. 5), Defendant's response in opposition thereto (Doc. No. 9), and Plaintiff's reply (Doc. No. 10). The court held oral argument by telephone on the motion on today. Having considered the motion, responses, and assertions made by the parties at oral argument, the court finds that the relief sought by Plaintiff is due to be denied.

Plaintiff's request is premature. The motion was filed on July 3, 2024, but the parties did not have the Rule 26(f) conference until July 22, 2024. (*See* Docs. No. 5, 8.) Federal Rule of Civil Procedure 26(d)(1) provides, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) …." Fed. R. Civ. P. 26(d)(1). During the oral argument, Plaintiff conceded that her motion[1] was premature under Rule 26.

In addition, Defendant's response to Plaintiff's request misses the mark. Defendant

---

[1] It is worth noting that the motion was not filed as a motion for jurisdictional discovery.

did not raise the premature nature of Plaintiff's request in its response. (*See* Doc. No. 9.) Rather, Defendant filed a response "respectfully request[ing] that this Honorable Court deny Plaintiff's Request for Disclosure and enter Walmart's Proposed Protective Order …." (Doc. No. 9 at 2.) Defendant did not move for a protective order under Federal Rule of Civil Procedure 26(c). Oddly, Exhibit A1 attached to Defendant's response is a "Joint Motion for Entry of Consent Protective Order[,]" which seeks a joint protective order "pursuant to *Fed. R. Civ. P. 30(c)*." (Doc. No. 9-2) (emphasis added). Notwithstanding this apparent typographical error, Defendant provided a proposed protective order which cites to the Alabama Rules of Civil Discovery – not the Federal Rules of Civil Discovery – and lists the signature line for a United States Magistrate Judge who is different than the undersigned. (*See* Doc. No. 9-3.) For all these reasons, the proposed protective order provided by Defendant is not properly before the court and any purported relief sought by Defendant in its response, which was not requested in a properly filed motion, is not warranted.

Finally, the court urges the parties to increase their flow of communication as they continue their efforts to complete discovery in this case. As stated in this court's Civil Discovery Guidelines, "[t]his Court has found that many discovery disputes can be resolved informally if the parties will communicate prior to Court intervention." Guidelines to Civil Discovery Practice in the Middle District of Alabama, § I.A. (https://www.almd.uscourts.gov/forms/guidelines-civil-discovery-practice-middle-district-alabama). This litigation is at the beginning stage. The parties are REMINDED of

their obligation to consult and comply with the Federal Rules of Civil Procedure and this court's Civil Discovery Guidelines.[2] The efficiency of judicial administration is greatly reduced when parties fail to follow the rules and procedures for federal court.

      For the reasons stated, it is ORDERED that the motion (Doc. No. 5) is DENIED.

      DONE this 16th day of August, 2024.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[2] The court notes that both parties here are represented by counsel so there is no need for the court to liberally construe the pleadings and motions filed in this case.