IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
LEAH Y. McLAIN,              )
                            )
        Plaintiff,          )
                            )    CIVIL ACTION NO.
        v.                  )    2:24cv267-MHT
                            )        (WO)
WALMART, INC., dba Walmart  )
Neighborhood Market,        )
                            )
        Defendant.          )
```

### OPINION

After being struck by boxes that fell off a Walmart
employee's moving cart, plaintiff Leah Y. McLain
brought this lawsuit for negligence and wantonness in
an Alabama state court against defendant Walmart, Inc.
Walmart then removed the case to this federal court,
*see* 28 U.S.C. § 1441, asserting diversity jurisdiction.
*See* 28 U.S.C. § 1332.

This court now has under submission two motions:
(1) McLain's motion to amend her complaint to join
Walmart employee Danny Johnson; and (2) her motion to

remand.  For the following reasons, both motions will be granted.

## I. ALLEGED FACTUAL BACKGROUND

In early January 2022, McLain had back surgery. Two months later, in early March, her doctor noted that her recovery was going well, her pain was greatly reduced, and her surgical site was healing.

But the trajectory of McLain's recovery would change in April, when she was shopping at a Walmart Neighborhood Market in Montgomery, Alabama.  While she was shopping, a Walmart employee was steering a "rolling truck cart overloaded with boxes that toppled over" and fell on her legs.  Compl. (Doc. 1-2) ¶3.  The boxes bruised McLain's legs, caused her back pain, and aggravated her pre-existing back injuries.  Over the next few days, she visited several doctors, who noted that the incident caused her severe pain and interfered with her post-surgical recovery.  Eventually, McLain's

2

doctors responded by having her take a course of injections from September 2022 to January 2023 to try to resolve her pain. The week after the moving cart incident, her attorney notified Walmart to preserve evidence of the incident.

Then, in January 2023, McLain's attorney contacted Walmart again, offering to provide it with McLain's medical records in exchange for information on what evidence was preserved, any witness statements, and the name of the employee who was pushing the moving cart. The attorney contacted Walmart once more a few weeks later, reattaching the earlier message, indicating the attorney did not receive the "[requested] items or a sufficient reply," and threatening suit. *See* Pl.'s Mot. Disc. Ex. A (Doc. 5-1), at 2.

In June, after the injections failed to remedy her pain, McLain had another back surgery. All in all, she allegedly accrued $ 122,849.96 in medical expenses.

3

## II.  PROCEDURAL BACKGROUND

In March 2024, McLain filed a complaint in an Alabama state court, asserting a claim of negligence and wantonness against Walmart and three fictitious defendants (A, B, and C).  Walmart was served in April and then removed the case to this federal court in May.

In July, McLain filed a motion for discovery in this court, requesting that Walmart disclose the identity of "Fictitious Defendant A."  *See* Pl.'s Mot. Disc (Doc. 5).  As the discovery motion was filed prior to the parties conferring under Rule 26(f), it was denied as premature.  *See* Order Denying Pl.'s Mot. Discovery (Doc. 15), at 1 (discussing Fed. R. Civ. P. 26(d)(1)).

Eventually, in September, after discovery commenced, Walmart disclosed to McLain's attorney the identity of "Fictitious Defendant A," now known as Danny Johnson, an Alabama citizen.  Three days later, McLain filed a motion to amend her complaint to join

**4**

Johnson as a defendant, as well as a motion to remand this case back to state court for lack of subject-matter jurisdiction.

### III. DISCUSSION

As stated, the court now has before it two motions: (1) McLain's motion to amend her complaint to join Walmart employee Johnson as a defendant; and (2) her motion to remand to state court for lack of subject-matter jurisdiction.

A civil action brought in state court may be removed by a defendant to federal court if it could have been brought in federal court in the first instance. *See* 28 U.S.C. § 1441(a). In this case, as stated, removal was pursuant to diversity jurisdiction, which requires the amount in controversy to exceed $ 75,000, exclusive of interest and costs, and complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). For complete diversity, all the

plaintiffs in a case must have diverse citizenship from all the defendants. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The party seeking removal has, under 28 U.S.C. § 1446, the burden of establishing jurisdiction. *See Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

The record reflects that, at the time of removal, McClain was a citizen of Alabama and Walmart was a citizen of Delaware (its place of incorporation) and Arkansas (its principal place of business). And, for purposes of removal based on diversity, 28 U.S.C. § 1441(b)(1) provides that "the citizenship of defendants sued under fictitious names shall be disregarded." When the case was removed, this court, had subject-matter jurisdiction because at the time of removal there was complete diversity of citizenship.

However, at any time after removal, a party may move to remand the case to state court due to a lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c);

6

*Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214 n. 64 (11th Cir. 2007).   Here, McLain seeks to join a defendant, Danny Johnson, an Alabama citizen.   As Johnson and McLain are both citizens of Alabama, Johnson's joinder would destroy complete diversity, for the plaintiff and a defendant would be citizens of the same State.   Consequently, this court would be deprived of federal jurisdiction.

When a plaintiff seeks to join a defendant whose presence would destroy subject-matter jurisdiction, a federal court may permit joinder and remand the action or deny joinder and retain jurisdiction.   *See* 28 U.S.C. § 1447(e)).   Determining whether joinder should be permitted requires the court to balance the equities by considering four factors: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and

[4] any other factors bearing on the equities." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). While *Hensgens* is a case from the Fifth Circuit Court of Appeals, this court has repeatedly found its approach compelling. *See, e.g., Woodham v. Wal-Mart Stores E., L.P.*, No. 1:08cv207, 2008 WL 1971382 (M.D. Ala. May 2, 2008) (Thompson, J.)).

Upon considering these *Hensgens* factors, the court concludes that McLain should be permitted to join Danny Johnson. First, the purpose of amending the complaint does not appear to be to defeat federal jurisdiction. An important consideration in determining the purpose of joinder, is whether Johnson might be independently liable to McLain. *See*, *e.g.*, *Schur v. L.A. Weight Loss Centers*, Inc., 577 F.3d 752, 764-67 (7th Cir. 2009).

In this case, Johnson may be independently liable to McLain. Under Alabama law, an "employer may be held vicariously liable for the intentional tort of its

employee or agent if the plaintiff produces sufficient evidence showing 'that [1] the agent's wrongful acts were in the line and scope of his employment; or [2] that the acts were in furtherance of the business of [the employer]; or [3] that [the employer] participated in, authorized, or ratified the wrongful acts.'" *Synergies3 Tec Servs., LLC v. Corvo*, 319 So. 3d 1263, 1273 (Ala. 2020) (quoting *Potts v. BE & K Constr. Co.*, 604 So. 2d 398, 400 (Ala. 1992)) (citations omitted). Yet, an employer's vicarious liability does not relieve the employee of his own liability. *See Grimes v. Liberty Nat. Life Ins. Co.*, 514 So. 2d 965, 968 (Ala. 1987). Rather, the employee may still be independently liable to an allegedly wronged person if the employee breaches a duty he owed to that person. *See id*.

Here, McLain asserts a claim for a duty that Johnson may independently owe her. *See Lowe's Home Centers, Inc. v. Laxson*, 655 So. 2d 943, 947

9

(Ala. 1994).  She contends that Johnson injured her by negligently and wantonly operating the moving cart.  At a minimum, McLain may be able to prove Johnson was negligent because he breached his duty to exercise reasonable care in operating the moving cart.  *See id.*

Nevertheless, Walmart argues that the purpose of joining Johnson is to destroy jurisdiction because joining him does not provide "any additional avenues" for relief "beyond what Walmart may be required to provide."  *See* Walmart's Response (Doc. 23)  ¶7.  Walmart explains that it is vicariously liable for the actions of employees acting within the scope of their employment.  Correspondingly, it contends that, *if* Johnson were acting in his scope of employment, *then* Walmart would be responsible and provide the exact same relief as Johnson.  Accordingly, Walmart contends that the purpose of adding Johnson is not to bring a claim against him, but rather to destroy complete diversity.

However, elsewhere and critically, Walmart disputes that Johnson was acting in the scope of his employment. *Compare* Walmart's Answer (Doc. 2), ¶¶ 3,7-8 *with* McLain's Complaint (Doc. 1-2), ¶¶ 3,7-8. Resultingly, if it were not vicariously liable for Johnson's actions, then suing Johnson would not be an *additional* avenue of relief, but rather McLain's *only* avenue of relief.

Citing *Smart v. Circle K Stores, Inc.*, Walmart also contends that McLain's simultaneous filing of her motion to amend with her motion to remand indicates that the motion to amend is intended to destroy diversity jurisdiction. No. 2:24CV73, 2024 WL 4184071 (M.D. Ala. Sept. 9, 2024) (Pate, M.J.), *report and recommendation adopted*, No. 2:24CV73, 2024 WL 4363142 (M.D. Ala. Sept. 30, 2024) (Thompson, J.). Walmart misunderstands *Smart*. In *Smart*, the plaintiff knew the identities of the parties she sought to join prior to filing her original complaint, and intentionally did

11

not name them.  *See id.* at *5-7.  What mattered was the *context* in which the motions were simultaneously filed, not that they were filed simultaneously--which does not inherently imply anything.  In that context, the simultaneous filing was further circumstantial evidence that joinder was intended to destroy jurisdiction.  *See id.*  Contrastingly, McLain did not know Johnson's name prior to filing suit despite repeated efforts to discover it.  Moreover, McLain generally described Johnson as "Fictitious Defendant A" in her original, state-court complaint and sought to join him three days after discovering his name.  *See Dever v. Fam. Dollar Stores of Georgia, LLC*, 755 F. App'x 866, 869 (11th Cir. 2018).  In this context, simultaneously filing both motions seems more like an attempt to save time than to destroy federal jurisdiction.

Second, McLain has not been dilatory in seeking an amendment.  For over a year and a half, she tried to discover Johnson's name from Walmart.  Moreover, as

already explained, she generally described Johnson as a fictitious defendant in her original, state-court complaint and quickly sought to amend after discovering his name.

Third, McLain would be significantly injured if joinder were not permitted.  If she wishes to seek relief from Johnson, her only source of relief if Johnson were found to be acting outside the scope of his employment, would be to litigate parallel state and federal cases.  That parallel litigation would increase her legal costs and risk spawning inconsistent results. *See Hensgens*, 833 F.2d at 1182.

Finally, other equitable factors favor allowing McLain to amend.  This case is in its infancy, discovery recently began, no dispositive motions have been filed, and parallel litigation would waste money and expend the time of two courts rather than one.

## IV.   CONCLUSION

For the foregoing reasons, McLain's motion for leave to file an amended complaint will be granted. As the addition of Danny Johnson as a defendant will deprive this court of federal subject-matter jurisdiction, McLain's motion to remand will also be granted once the amended complaint has been filed.

Appropriate orders will be entered.

DONE, this the 25th day of November, 2024.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

14